PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN M. FRAZIER, | ) | CASE NO. 1:09-CV-01597 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND<br>ORDER OF REMAND** |

On October 28, 2009, the above-referenced matter was referred to this Court for the adjudication of all further proceedings and an entry of final judgment, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Consent to the Exercise of Jurisdiction of a United States Magistrate Judge and Order of Reference. ECF No. 13.

**I. Procedural History**

Plaintiff Dawn M. Frazier, filed a complaint on June 13, 2009 seeking judicial review of the Social Security Administration's denial of benefits. ECF No. 1. Michael J. Astrue, the Commissioner of the Social Security Administration, answered on October 6, 2009. ECF No. 10. On December 31, 2009, Plaintiff Frazier filed her Brief on the Merits. ECF No. 17. On March 4, 2010, and in advance of the filing of the Commissioner's Brief on the Merits, the parties filed a Joint Motion for Entry of Judgment with Remand Under Sentence Four, 42 U.S.C. § 405(g), which is well taken by the Court. ECF No. 19.

(1:09-CV-01597)

## II. Ruling on Joint Motion for Entry of Judgment with Remand

In accordance with the Joint Motion for Entry of Judgment with Remand recently filed by the parties, and a concomitant review of the record, this Court hereby reverses the Administration's final decision denying Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Dawn M. Frazier and remands the matter "under sentence four of 42 U.S.C. § 405(g) . . . for further administrative action" consistent with this Order. ECF No. 19 at 2.

Upon remand, the Administrative Law Judge ("ALJ")shall:

further evaluate Plaintiff's residual functional capacity, including further quantifying the degree of stress Plaintiff can handle in the workplace. In addition, the ALJ should obtain vocational expert testimony to determine the impact the stress limitation would have on the unskilled sedentary occupational base. Moreover, in light of the fact that the claimant has a combination of exertional and non-exertional limitations, at step five of the sequential process, the ALJ should be instructed to cite the "framework" of a rule rather than an exact rule from Appendix 2 of the Regulations..

ECF No. 19 at 1-2, Joint Motion for Entry of Judgment with Remand.


IT IS SO ORDERED.


 March 4, 2010                                               s/ *Benita Y. Pearson*
Date                                                         United States Magistrate Judge