PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN FRAZIER, | ) | CASE NO. 1:09-CV-1597 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE BENITA Y. PEARSON |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on a Stipulation Regarding Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by the parties. ECF No. 22.

**Background**

Plaintiff Dawn M. Frazier, filed a complaint on June 13, 2009, seeking judicial review of the Social Security Administration's denial of benefits. ECF No. 1. Michael J. Astrue, the Commissioner of the Social Security Administration, answered on October 6, 2009. ECF No. 10. On December 31, 2009, Plaintiff Frazier filed her Brief on the Merits. ECF No. 17. On March 4, 2010, and in advance of the filing of the Commissioner's Brief on the Merits, the parties filed a Joint Motion for Entry of Judgment with Remand Under Sentence Four, 42 U.S.C. § 405(g), which was well taken. ECF No. 19.

(1:09-CV-1597)

On March 4, 2010, the Court entered a Memorandum of Opinion and Order. ECF No. 20. In the Order, the Court reversed the Administration's final decision denying Social Security Disability Insurance Benefits to Plaintiff Dawn M. Frazier and remanded the matter, pursuant to the fourth sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further development of the record, a new hearing and the issuance of a *de novo* decision. The Appeals Council was ordered to provide the following instructions to the Administrative Law Judge ("ALJ"):

> further evaluate Plaintiff's residual functional capacity, including further quantifying the degree of stress Plaintiff can handle in the workplace. In addition, the ALJ should obtain vocational expert testimony to determine the impact the stress limitation would have on the unskilled sedentary occupational base. Moreover, in light of the fact that the claimant has a combination of exertional and non-exertional limitations, at step five of the sequential process, the ALJ should be instructed to cite the "framework" of a rule rather than an exact rule from Appendix 2 of the Regulations.

ECF No. 19 at 1-2, Joint Motion for Entry of Judgment with Remand.

On March 4, 2010, for the reasons set forth in the Memorandum of Opinion and Order (ECF No. 20), the Court entered a Judgment Entry reversing and remanding the matter. ECF No. 21.

On April 21, 2010, the parties filed a Stipulation Regarding Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 22. "The parties jointly stipulate to an award of $3,300.00 pursuant to the EAJA for any and all claims Plaintiff may have under the EAJA" and "[t]he award of attorney fees will satisfy all Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412." ECF No. 22 at 1. In addition, "[p]ursuant to [the] assignment of fees from Plaintiff to her attorney, the parties stipulate that the award of

2

(1:09-CV-1597)

attorneys fees under the EAJA shall be made payable directly to Plaintiff's counsel, as assignee for Plaintiff." ECF No. 22 at 1.

### **Ruling**

The Court GRANTS the parties' Stipulation Regarding Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, and Plaintiff is awarded a total amount of $3,300.00.

IT IS SO ORDERED.

April 26, 2010                                                               s/ *Benita Y. Pearson*
Date                                                                                United States Magistrate Judge